NO. 07-07-0403-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 14, 2009

______________________________

JAMES MILTON ROBERTS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 410TH DISTRICT COURT OF MONTGOMERY COUNTY;

NO. 07-07-07649-CR; HONORABLE K. MICHAEL MAYES, JUDGE

_______________________________

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

ABATEMENT AND REMAND

Following a plea of not guilty, Appellant, James Milton Roberts, was convicted by a jury of two separate counts of aggravated sexual assault.  After pleading true to the enhancement paragraphs, Appellant was sentenced as a habitual sex offender and  punishment was assessed by the trial court at confinement for life.  Notwithstanding that the appellate record and briefs have been filed, it has come to this Court’s attention that both 
Trial Court’s Certifications of Defendant’s Right of Appeal 
signed on September 4, 2007, contained in the clerk’s record do not comply with Rule 25.2(d) of the Texas Rules of Appellate Procedure.  Rule 25.2(d) was amended effective September 1, 2007, to require that a defendant sign the certification and receive a copy.  Additionally, the amended form provides certain admonishments to a defendant not previously required.
(footnote: 1)
 Although sentence was imposed on August 8, 2007, the certification forms were not signed until September 4, 2007, and procedural rules generally control litigation from their effective date.  
Wilson v. State
, 473 S.W.2d 532, 535 (Tex.Crim.App. 1971).  
Consequently, we abate this appeal and remand this cause to the trial court for further proceedings.  Upon remand, the trial court shall utilize whatever means necessary to secure a proper 
Certification of Defendant’s Right of Appeal 
in compliance with Rule 25.2(d) for each separate count.  Once properly completed and executed, the certifications shall be included in a supplemental clerk’s record.  
See
 Tex. R. App. P. 34.5(c)(2).
  The trial court shall cause the supplemental clerk's record
 to be filed with the Clerk of this Court by
 March 16, 2009.  This order constitutes notice to all parties, pursuant to Rule 37.1 of the Texas Rules of Appellate Procedure, of the defective certifications.  If a supplemental clerk’s record containing proper certifications is not filed in accordance with this order, this matter will be referred to the Court for dismissal.  
See 
Tex. R. App. P. 25.2(d). 

It is so ordered.

Per Curiam

Do not publish.

FOOTNOTES
1:
The proper form for 
Certification of Defendant’s Right of Appeal 
appears in Appendix D to the 2008 Texas Rules of Appellate Procedure.